UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEBLE GARRY MAITLAND, <br> A# 093-494-593, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM BARR, et al., <br><br> Respondents. | CIVIL ACTION NO. 3:20-cv-01559 <br><br> (RAMBO, J.) <br> (SAPORITO, M.J.) |

## ORDER

On August 28, 2020, the Court received and lodged a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, signed and mailed by the petitioner, Keble Garry Maitland, on or after August 23, 2020. (Doc. 1.) On September 10, 2020, the Court received payment of the requisite $5 filing fee and the petition was deemed filed.

The original *pro se* petition sought the petitioner's release from immigration custody solely based on the risk that he might contract COVID-19 while incarcerated. On December 16, 2020, the Court received and filed a *pro se* motion by the petitioner, docketed by the Clerk as a motion to supplement the record. (Doc. 12). In his motion papers, the petitioner raised, for the first time in this proceeding, an argument that

he should be released on bond due to the extended duration of his confinement in immigration custody.[1] Because these materials do not relate to the original petition, *see* R. 7(a) (addressing expansion of the record), 28 U.S.C. foll. § 2254,[2] but instead appear to seek to add entirely new grounds for habeas relief, we have liberally construed the petitioner's *pro se* motion as a motion for leave to file an amended petition. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants).

On March 1, 2021, the petitioner filed a motion requesting that we appoint counsel to represent him in this habeas matter. (Doc. 15.) *See generally* 18 U.S.C. § 3006A(a)(2)(B) (authorizing a federal district court to appoint counsel for a petitioner in a non-capital habeas case if the petitioner is financially unable to obtain adequate representation and

---

[1] We noted that the petitioner's motion papers included copies of two motions filed by his counsel in the immigration proceedings.

[2] We have previously exercised our discretion under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, to apply those rules to this § 2241 petition. (*See* Doc. 5 ¶ 1.)

"the court determines that the interests of justice so require").

On June 3, 2021, the petitioner filed a second, counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, separately docketed as *Maitland v. Ogle*, Case No. 3:21-cv-00991 (M.D. Pa. filed June 3, 2021). In that second, counseled petition, the petitioner contends that he should be released on bond due to the extended duration of his confinement in immigration custody. In light of the filing of this second, counseled petition seeking habeas relief on the very same grounds articulated in the petitioner's *pro se* motion for leave to file an amended petition, we find the motion to amend is now moot.

On June 11, 2021, the same attorney representing the petitioner in that second § 2241 habeas case entered his appearance in this case and filed a motion to consolidate the two cases. (Doc. 16.)³ The motion to consolidate remains under consideration, but in light of the entry of an appearance by counsel for the petitioner in this case, we find the petitioner's *pro se* motion to appoint counsel is now moot.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The petitioner's *pro se* motion for leave to file an amended

---

³ An identical motion was filed in both cases.

petition (Doc. 12) is **DENIED as MOOT**; and

    2.    The petitioner's motion to appoint counsel (Doc. 15) is **DENIED as MOOT**.

Dated: June __14__, 2021

                                                                    */s/ Joseph F. Saporito, Jr.*
                                                                      JOSEPH F. SAPORITO, JR.
                                                                      United States Magistrate Judge